UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MYNOR FEDERICO NUNEZ BALTAZAR,

                          Plaintiff,

-against-

PELICAN MANAGEMENT, INC.; ROCKAWAY
ONE COMPANY, LLC; MICHAEL KOENIG;
HAL WEINER; LINDSAY HEINEMAN (HECK),

                          Defendants.

**ORDER OF SERVICE**

7:23-CV-10885 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Americans with Disabilities Act, the Fair Housing Act, and state and local laws, alleging that Defendants discriminated against him and failed to accommodate his disability. By order dated December 19, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Pelican Management, Inc. Rockaway One Company, LLC, Michael Koenig, Hal Weiner, and Lindsay Heineman (Heck), through the

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the amended complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to: (1) mail an information package to Plaintiff; (2) issue summonses for Pelican Management, Inc., Rockaway One Company, LLC, Michael Koenig, Hal Weiner, and Lindsay Heineman (Heck); (3) complete the USM-285 forms with the addresses for Defendants; and (4) deliver to the Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   White Plains, New York
         December 20, 2023

                                                    _____
                                                    PHILIP M. HALPERN
                                                    United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Pelican Management, Inc.
   524 North Avenue
   New Rochelle, New York 10801

2. Rockaway One Company, LLC
   524 North Avenue
   New Rochelle, New York 10801

3. Michael Koenig
   524 North Avenue
   New Rochelle, New York 10801

4. Hal Weiner
   524 North Avenue
   New Rochelle, New York 10801

5. Lindsay Heineman (Heck)
   524 North Avenue
   New Rochelle, New York 10801